Filed 3/24/23 P. v. Marquez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIO MARQUEZ,<br><br>    Defendant and Appellant. | G060921<br><br>(Super. Ct. No. FSB038602-1)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino, Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman, Alan L. Amann and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

Mario Marquez appeals from the trial court's order denying—at the prima facie stage of the proceedings—his petition for resentencing under Penal Code[1] section 1172.6. The Attorney General concedes, and we agree, that the order must be reversed because a trial court may not at the prima facie stage engage in factfinding regarding the petitioner's culpability; the court may only deny relief if the petitioner is ineligible for resentencing as a matter of law. (E.g., *People v. Pacheco* (2022) 76 Cal.App.5th 118, 128 (*Pacheco*).) If the record of conviction does not support denying the petition as a matter of law (*ibid.*), and the "prima facie showing that the petitioner is entitled to relief" thus remains intact, the court "shall issue an order to show cause" and "shall hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner." (§ 1172.6, subds. (c), (d)(1).) That is the case here. We therefore reverse the order denying Marquez's petition and remand the matter for the trial court to issue an order to show cause and conduct the requisite evidentiary hearing.[2]

---

[1] All further statutory references are to the Penal Code.

[2] We note that Marquez's resentencing petition has resulted in bellwether proceedings by virtue of being filed soon after the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437), which authorized such petitions. (See *People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 47-52 (*Marquez II*) [holding Senate Bill 1437 neither conflicts with Marsy's Law nor violates the separation of powers doctrine].) In facing at each stage of these proceedings early questions regarding implementation of Senate Bill 1437 and related legislation, neither the parties nor the trial court have had the benefit of subsequent clarifying caselaw—including the limitation on judicial factfinding at the prima facie stage.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Marquez and his codefendant, Jamie Ortega, of first degree murder for the March 2003 slaying of Jeffrey Shaffer. A panel of this court upheld the convictions on appeal. (*People v. Marquez* (Jan. 14, 2010, G041202) (*Marquez I*) [nonpub. opn.].)

In the underlying trial, the prosecution's theories of the case included felony murder and/or that the murder was willful, deliberate, and premeditated. The jury did not specify the theory or theories on which it convicted either defendant. Nor did their findings that a principal was armed with a handgun indicate Marquez had the gun; nor were there findings that he personally used or discharged a firearm.

Following the enactment of Senate Bill 1437, Marquez filed his petition requesting recall of his sentence and resentencing under the new legislation. He alleged in his petition that he met the statutory eligibility requirements: (1) the information filed against him "allowed the prosecution to proceed under a theory of felony murder . . . ," (2) he was "convicted of 1st or 2nd degree murder pursuant to the felony murder rule . . . ," and (3) he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189" under the new legislation.

The trial court initially struck the petition on grounds that the newly-authorized recall and resentencing procedures were an illegitimate exercise of legislative power, a conclusion we reversed in *Marquez II*.

On remand, the trial court conducted the hearing now at issue. At the hearing, the prosecutor acknowledged: "Your Honor, just for clarification, [as] the Court knows this case has been around for a while, and there was an initial rodeo with it. We did the constitutional matter. I don't know that the Court has ever actually made a prima [facie analysis] or made a determination on whether or not the petitioners have [made a] prima facie showing."

3

The court indicated the issue before it was whether Marquez's petition stated a prima facie case which required it to proceed to the next step of the resentencing process: "Actually in this case, since I don't believe I was the trial judge in this case, counsel had previously submitted the transcript of the testimony at trial, which I have reviewed along with the other documents and the record of conviction so if counsel are willing to submit on the prima facie issue on that, I'll issue a written decision on that within 30 days."

The court denied Marquez's petition 10 days later. The court's minute order noted it "has never ruled whether Petitioners have set forth a Prim[a] Facie case for relief." Relying on *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the court observed, "The Supreme Court has recently decided that once Petitioners have been appointed counsel, and have had the opportunity to address the underlying factual basis for Petitioners' conviction, the court may then examine the record of conviction to determine if the underlying facts are sufficient to find Petitioners have made a Prim[a] Facie showing for relief, or, whether the underlying facts demonstrate Pe[t]itioners are not entitled to relief."

Without ruling on the prima facie question or issuing an order to show cause and conducting an evidentiary hearing, the court then proceeded to summarize the trial testimony and make factual findings. The court linked its factual findings to the *Banks*/*Clark* factors in reaching its conclusion that Marquez was a major participant who acted with reckless indifference to human life.[3] It relied on those same facts to find Marquez acted with the specific intent to kill the victim. Based on these factual findings, the court concluded Marquez was ineligible for relief because he remained liable for murder despite the amendments to the law contained in Senate Bill 1437.

---

[3] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

4

Marquez now appeals.

## DISCUSSION

The People concede reversal and remand is required to allow the court to conduct a hearing at which evidence may be presented and at which the People will bear the burden of proof to preclude resentencing. Only then may the court engage in a factfinding process that includes the weighing of evidence and the discretionary decision-making required to determine whether to grant or deny a resentencing petition under Senate Bill 1437 and its progeny.

*People v. Mancilla* (2021) 67 Cal.App.5th 854 (*Mancilla*) summarizes the necessary steps in a trial court's consideration of a resentencing petition. "If the . . . petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief [citation], section 1170.95, subdivision (c) [now § 1172.6, subd. (c)], requires the court . . . to determine if the petitioner has made a prima facie showing that he or she is entitled to relief." (*Mancilla*, at p. 863.)

"In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section [1172.6] and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' [Citation.] However, 'the prima facie inquiry under *subdivision (c) is limited.* Like the analogous prima facie inquiry in habeas corpus proceedings, "'*the court takes petitioner's factual allegations as true* and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court *must* issue an order to show cause.'"'" (*Mancilla*, *supra*, 67 Cal.App.5th at p. 863, italics added [internal quotations are to *Lewis*, *supra*, 11 Cal.5th at p. 971].)

As the *Mancilla* court noted, the Supreme Court in *Lewis* also specified that "'"if the record, including the court's own documents," "contain[s] facts refuting the allegations made in the petition, 'then' the court is justified in making a credibility determination adverse to the petitioner."'" (*Mancilla, supra,* 67 Cal.App.5th at p. 863, see *Lewis, supra,* 11 Cal.5th at p. 971.)

Subsequent to *Lewis,* the Supreme Court has clarified that permissible judicial factfinding at the prima facie stage is limited and does not include, for example, determining whether the petitioner was a "major participant" or acted with "reckless indifference to human life" under standards established in *Banks/Clark* for felony murder, which, if met, would preclude the petitioner from resentencing. (*People v. Strong* (2022) 13 Cal.5th 698, 719-720.) To the contrary, the high court disapproved a line of cases that had held the trial court "may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports [guilt] findings" under those standards. (*Id.* at p. 719) The court explained that "such a determination would entail factfinding prohibited at the prima facie stage." (*Id.* at p. 720.)

This court and others have therefore held that a trial court's consideration of the so-called facts of the case at the prima facie stage is "'limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).'" (*Pacheco, supra,* 76 Cal.App.5th at p. 125.) Thus, in *People v. Harden* (2022) 81 Cal.App.5th 45, 52, the appellate court illustrated the trial court's limited factfinding role at the prima facie stage as follows: "For example, if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law."

6

Here, as the People acknowledge, the trial court's ruling denying Marquez's petition "was rooted in evidence derived from the trial testimony." Engaging in such evidentiary factfinding is precisely the sort of "weighing of evidence" and "exercise of discretion" that is prohibited to refute the petitioner's allegations, which are presumed to be true at the prima facie stage.

As *Mancilla* explained, once the petitioner's "prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. [Citation.] At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. [Citations.] The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Mancilla*, *supra*, 67 Cal.App.5th at p. 863.) We remand the matter for that hearing to be held.

## DISPOSITION

The trial court's order denying Marquez's resentencing petition is reversed. On remand, the court is directed to issue an order to show cause why the petition should not be granted, and to thereafter conduct a hearing on the issue at which the parties are entitled to present additional evidence.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

7